SCOTT P. MYERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54747.  Promulgated March 8, 1934.

*Claude W. Dudley, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

## OPINION.

Adams: Under the facts as found, the sole question presented for determination is:

Was the $200,000, a part of the consideration for the stock in question, income to the petitioner for the year 1928?

The respondent contends that title to the securities passed from the petitioner to the purchaser; that delivery was made and the agreed consideration was paid in full; that the transaction was closed as between the seller and purchaser, and the entire amount of the consideration must be considered in determining the profit or loss arising from the sale.

Petitioner argues in his brief that he did not actually or constructively receive the $200,000 during the year 1928 and cites us to authorities which discuss the doctrine of constructive receipt. In the view we take of the case these authorities are not controlling and it is unnecessary to discuss them.

Petitioner relies upon the case of *Cleveland Trinidad Paving Co.*, 20 B.T.A. 772, and other cases to like effect, where the Board held that a portion of the compensation withheld by a city under the terms of a paving contract providing for such withholding as a guarantee of maintenance was not income of the petitioner for the year in which the work was completed and did not accrue as income until received.

We do not believe that these authorities are applicable to the situation presented to us here. In those cases the petitioner was not entitled to receive that part of the compensation withheld until he had fully performed and it was uncertain whether he would ever be entitled to receive it. The cases of *Maro Brownfield*, 8 B.T.A. 1164; *K. E. Merren*, 18 B.T.A. 156; and *Union Guardian Trust Co.* v. *Burnet* (D.C.App.), 64 Fed. (2d) 712, are, in our judgment, readily distinguishable from the case under consideration.

Here the purchaser paid the full purchase price for petitioner's stock and petitioner voluntarily agreed that a part of the price so paid would be placed by the depositary with a trustee, during a limited period of time, for the purpose of protecting the purchaser against any loss which might accrue to it by reason of any defect in petitioner's title. While so held petitioner had the right to require the trustee to invest and reinvest the fund according to his direction and the income derived from the amounts so invested accrued to him.

As between the purchaser and the seller it was a closed transaction; title to the stock passed to the purchaser and the purchaser parted with the consideration. It retained no right or title to any part of the guarantee fund and could acquire none except upon the happening of a condition subsequent. In the meantime the trustee, in a practical sense, acted merely as a custodian of the fund which it held; all the economic benefits of the fund belonged to the petitioner.

The respondent contends that this case is controlled by the holding of the Board in *Federal Development Co.*, 18 B.T.A. 971, in which proceeding, we said: " The fact that one who sells property guarantees the purchaser against some contingency arising in some future year and makes a deposit as security for the guarantee does not lessen by the amount of the guarantee or the amount of the deposit the profit which he had made on the sale. If in such case the happening guaranteed against takes place in the following year and a portion of the deposit is in consequence lost, the result is one affecting income for that year to the extent of the loss."

The petitioner undertakes to distinguish the *Federal Development Co.* case from the case under consideration, among other things, saying that this case is distinguished from the *Federal Development Co.* case in that in that case the asset sold was the undisputed property of the taxpayer.

In the reply brief of the petitioner, his counsel argues that the interest of the minors in the 668 shares is real and cannot be ignored; that the petitioner did make a gift of the 668 shares in question to the said minors and by virtue thereof they have a vested right therein. Further, petitioner's counsel argues that Myers had no right to sell the 668 shares and, therefore, no right in the $200,000 fund set aside, and, consequently, should have no liability for taxes in connection therewith.

The petitioner in his dealing with this stock treated it as his own. He asserted in the Probate Court that it was his own. He represented, in the option contract and the sales contract which followed it, that it was his property and that he had a right to sell and dispose of it.

We are unable to agree to the conclusion reached by the petitioner in his brief. We recognize that this case is distinguishable from

the *Federal Development Co.* case in that in the *Federal Development Co.* case the consideration was paid directly to the seller and then a part of the purchase price was deposited as a guarantee against possible contingencies; while in this case the consideration was paid to a designated depositary and a part thereof deposited by it with a trustee selected by petitioner. Outside of this, we are unable to perceive any distinction between the two situations, and we do not regard this distinction as material. Cf. *B. S. Roberts*, 7 B.T.A. 1162; *Blaine L. Stoner*, 29 B.T.A. 953; *Edwin R. Effler*, 29 B.T.A. 784.

In the view we take of this case, the respondent's determination must be affirmed.

*Decision will be entered for the respondent.*